1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNDRA-CHRISTOPHER WATKINS,<br><br>Plaintiff,<br><br>v.<br><br>JACK E. TANNER *et al.*,<br><br>Defendants. | Case No.  C05-5640RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>November 11th, 2005 |

This action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  The action is filed under a number of statutes but is not filed a s a civil rights action.   After reviewing the complaint in this action the undersigned recommends that the action be **DISMISSED WITHOUT PREJUDICE** prior to service for failure to state a claim.

FACTUAL BACKGROUND AND DISCUSSION

Plaintiff alleges his continued incarceration is illegal and he is innocent of the crimes for which he is currently serving a sentence.  (Dkt. # 1).  He claims to have sent documents to the named defendants in this action and alleges their failure to respond to his documents constitutes an admission of wrong doing or criminal conduct.  Plaintiff is in error.

1  Plaintiff is one of a growing number of persons who seems to believe they may send documents to a person that demands responses.  These people argue that failure to get a reply to their documents is some sort of admission.  The convoluted logic used in cases of this nature results in a waste of precious judicial resources.  A review of the compliant shows this action to be frivolous.  (Dkt. # 1).

Further, as plaintiff seeks release from incarceration, his sole remedy is to file an action in habeas. When a person is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).  <u>Heck v. Humphrey</u>, 114 S.Ct. 2364, 2373 (1994).   Plaintiff is filing a collateral challenge to the legality of his continued confinement in this action and this action must proceed by was of habeas corpus.  The compliant filed, (Dkt. # 1), is not worthy of further discussion.

## CONCLUSION

Plaintiff cannot bring an action outside of habeas corpus to obtain his release and his conviction is valid unless and until it is overturned by way of habeas corpus. The action should be **DISMISSED WITHOUT PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 11th, 2005**, as noted in the caption.

DATED this 6th day of October, 2005.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2